Seymour Boyers, J.
The tenant by order to show cause moves to vacate a final judgment of possession granted in favor of the landlord on the grounds set forth in title YY of chapter 51 of the Administrative Code of the City of New York. (Local Laws, 1969, No. 16 of City of New York) (hereinafter referred to as the Rent Stabilization Law).
*58 The landlord instituted a holdover proceeding, by reason of the expiration of the tenant’s lease, which came on for trial on April 14, 1969. After trial, a final judgment of possession was entered in favor of the landlord providing for a stay of the issuance of the warrant until June 15, 1969.
The Rent Stabilization Law was passed by the City Council on April 24, 1969, and the bill was signed into law by the Mayor on May 6, 1969.
It is the contention of the landlord that the Rent Stabilization Law does not apply to the instant situation because the final judgment was entered herein terminating the respondent’s tenancy on or about April 14, 1969, prior to the enactment of the law. The landlord further contends that the Rent Stabilization Law was designed to protect tenants, not “holdovers.” Further, the landlord asserts that the Rent Stabilization Law of 1969 is unconstitutional.
As to the question of constitutionality, a significant decision of the Court of Appeals of this State was People v. Crane (214 N. Y. 154, 172) where Judge Cardozo stated: “This statute must be obeyed unless it is in conflict with some command of the constitution, either of the state or nation. It is not enough that it may seem to us to be impolitic or even oppressive * * * We do not assume to pass judgment upon the wisdom of the legislature. Our duty is done when we ascertain that it has kept within its power. ’ ’
Paraphrasing some of the language of Judge Cardozo to the instant proceeding, it is this court’s belief that it cannot assume to pass judgment upon the wisdom of the City Council’s enactment so long as the Council has kept within its power.
Since the administration of rent control by the City of New York and legislative enactments pursuant to that end were authorized by State legislation, the right of the City Council to legislate the control of rents seems to be no longer open to challenge (Plaza Mgt. Co. v. City Rent Agency, 31 A D 2d 347, 350).
The tenant contends that ‘ ‘ a holdover tenant is still a tenant, and the Rent Stabilization Law of 1969 contains no language or intent to exclude holdover tenants or any other tenants in covered buildings as of the 6th of May 1969. ’ ’
A plain reading of the law reveals that its provisions relate to placing limitations on rent increases in multiple dwellings, containing six dwelling units or more not subject to the provisions of the City Rent and Rehabilitation Law. The major thrust of the new law is to prevent “rent gouging” in housing *59 accommodations built after 1947. The law does not address itself to ‘ ‘ illegal holdovers. ’ ’
In the instant proceeding, a final judgment of possession was granted in favor of the landlord on April 14, 1969, providing for a stay of the issuance of the warrant until June 15, 1969 pursuant to section 753 of the Real Property Actions and Proceedings Law. The final judgment was granted prior to the enactment of the Rent Stabilization Law of 1969, but the law was enacted while the respondent was still in possession because of the stay of the issuance of the warrant.
It is the court’s opinion that the Rent Stabilization Law of 1969 is distinguishable from previous emergency rent laws in that it does not by its language protect “ illegal holdovers ” from eviction, and, particularly, as in the instant proceeding, where a final judgment of possession was granted prior to the enactment of the new laAV. To correct this omission will be the province of future legislation if the legislative body deems such legislation necessary and proper.
Accordingly, the motion to vacate the final judgment of possession in favor of the landlord is denied, but a further stay of the issuance of the warrant is granted until July 31, 1969. Tenant is to pay for use and occupation at the rate of $257 per month.