Shanley N. Egeth, J.
In this nonpayment proceeding, the landlord claims rent of $127.48 (two months’ rent at $63.74 per month). The tenant claims that the correct monthly rent is $53.74, by virtue of a Rent Commission order granting a senior citizen exemption, effective December 1,1971.
The parties have stipulated as to the relevant facts. The statute authorizing the senior citizen exemption to be effective to reduce the rent in this proceeding, requires filing prior to December 1, 1971. The Rent Commission administratively “ turned back the clock ” and declared that all applications filed on December 1, 2, and 3 would be deemed filed by November 30, 1971. This tenant filed for exemption December 3, 1971, and upon the basis thereof received a Rent Commission order granting her an exemption effective December 1, 1971.
It is also clear that the landlord processed an administrative protest of this order, but on grounds other than the legality of the right of the administrator to accept filing retroactively to November 30. No court proceeding pursuant to CPLR article 78 was initiated by the landlord.
In this proceeding the parties have stipulated that the court should determine the legal issue of the validity of tenant’s assertion of her senior citizen exemption in this summary proceeding. The landlord contends, among other things, that the exemption is invalid because the administrator had no right under the statute to accept a filing as of a retroactive date. The tenant contends among other things that the Rent Commission order granting the exemption is conclusive as to the tenant’s right thereto, and that said order may not be collaterally attacked in this proceeding.
This court determines that, under the circumstances in this case, it has no authority to invalidate the Rent Commission order granting the tenant a senior citizen exemption, effective December 1, 1971. The validity of such order may not be collaterally attacked in this nonpayment proceeding (Wasservogel v. Meyerowitz, 300 N. Y. 125, 133; Ament v. Cohen, 16 A D 2d 824).
*316 The landlord was required to attack the exemption order through administrative protest (Administrative Code of City of New York, § Y51-9.0, subd. a, par. [1]), City Rent Law, and the judicial review (art. 78) procedure mandated in the rent statute.
This principle was re-enunciated this past week by the Appellate Term, First Department in Chatsworth 72nd St. Corp. v. Rigai (74 Misc 2d 298). The majority opinion states in part: “ Clearly, then, the issue * * * was litigated before the Bent Commission and decided adversely against tenants. They instituted no CPLR article 78 proceeding to review his order. Consequently, his order is res judicata on the issue (Matter of Evans v. Monaghan, 306 N. Y. 312; Matter of Coyle v. Gabel, 26 A D 2d 638, affd. 21 N Y 2d 808; Matter of Ess Pee Bee Realty Corp. v. Gabel, 22 A D 2d 207, affd. 16 N Y 2d 524; Matter of 609 Holding Corp. v. McGoldrick, 204 Misc. 26) and could not be collaterally attacked in this summary proceeding (746 Realty Corp. v. Stevens, N. Y. L. J., Aug. 30, 1972, p. 2, col. 1 [App. Term, 1st Dept.]) ”.
On this issue, the dissenting opinion agreed (p. 301): “ The rent commission has unquestioned, exclusive, original jurisdiction to determine whether or not housing accommodations are rent-controlled and, if so, the lawful maximum rent for such accommodation. The rent commission’s determination of those questions (in the absence of reversal on review in an article 78 proceeding in the Supreme Court) is binding on the courts and collaterally unassailable.”
This court accordingly determines that the appropriate rent payable by tenant is the rental fixed by the Bent Commission order granting the senior citizen exemption, $53.74 per month. Landlord may have final judgment for $107.48, warrant stayed seven days.