OPINION OF THE COURT
John A. Milano, J.
This is a holdover proceeding, brought by the landlord to remove the tenant from possession of the premises known as 20 Continental Avenue, Forest Hills, New York. The tenant *751 raised no jurisdictional objections and both sides have stipulated to the following facts: That Mary McConnachie, the respondent herein, is the tenant of the premises known as apartment No. 5F, located at 20 Continental Avenue and has been the tenant since 1965. That the afore-mentioned property was subject to the guidelines established by the Rent Stabilization Law. That the tenant’s lease expired on January 31, 1979. That the co-operative prospectus was approved pursuant to the rent stabilization requirements on June 2, 1978. That the co-operative conversion plan was declared effective by the Attorney-General’s office by a notice dated September 12, 1978. That pursuant to the prospectus, which was approved by the Attorney-General, the tenant was given 90 days to purchase her apartment at a price of $20,370 which the tenant refused. The tenant was then allowed a six-month period to match any offer from an outside buyer. That on January 29, 1979, the tenant was informed that the price that was needed to match was approximately $45,800 and the tenant refused to offer that amount. That the tenant, pursuant to the requirement of the rent stabilization guidelines, was allowed to remain in her apartment until either the end of her lease, or one year from date of issuance of the formal prospectus, whichever was longer. That the longer period expired on June 2, 1979.
The tenant claims that she is protected by a law passed by the Legislature on June 16, 1979 and subsequently signed by the Governor on July 5, 1979. The law relied on is chapter 432 of the Laws of 1979 and said law amends the General Business Law and the Administrative Code of the City of New York, in relation to the protection of senior citizens and other tenants in the conversion of residential real estate from rental status to co-operative or condominium ownership in the City of New York. The tenant contends that pursuant to this act, any tenant who is 62 years of age or older and has been living within an apartment that is being converted to a co-operative for two years prior to the date the Attorney-General has accepted the plan for filing and who has an annual income of less than $30,000 cannot be evicted. It is agreed that the tenant in this instance is above 62 years of age, has been residing within the premises for more than two years, and upon information and belief earned less than $30,000 per year.
The petitioner submits that this is a case of first impression *752 within the State of New York and contends that the tenant cannot prevail because the exercise of the police power is subordinate to the constitutional guarantee of equality of privilege, with the result that any attempted exercise of the police power which results in a denial of the equal protection of the laws is invalid. The petitioner further argues that if it appears that a statute has for its real purpose the protection of a particular class rather than the general public it must be held invalid as an unconstitutional exercise of the police power. (See People v Gillson, 109 NY 389; Good Humor Corp. v City of New York, 264 App Div 620, affd 290 NY 312.)
The petitioner further maintains that even if this court rejects the constitutional challenge, that the said law is not applicable to the tenant herein because the conversion plan was declared effective on September 12, 1978 prior to the effective date of the act (July 5, 1979) and the law may not be applied retroactively. The court addresses itself first to the constitutional challenge. There is a strong presumption that all legislation is constitutional. (People v Davis, 43 NY2d 17; Matter of Van Berkel v Power, 16 NY2d 37.) It is also presumed that the Legislature, in enacting a statute, has investigated and found the facts necessary to support that legislation. (Matter of Rosenthal v Hartnett, 36 NY2d 269.)
It is also well settled that the State may establish regulations necessary to secure the general welfare of the community by the exercise of its police power although the rights of private property are thereby curtailed. (People ex rel. Durham Realty Corp. v La Fetra, 230 NY 429.) And where one class of tenants is afforded protection because all who seek homes cannot be provided therewith, such classification denies to no one the equal protection of the laws; because the distinction which is made as to this class of tenants is real and rests on a substantial basis. (People v Beakes Dairy Co., 222 NY 416.) Equal protection does not require identity of treatment. It only requires that classification rest on real and not feigned differences, that the distinction have some relevancy to the parties for which the classification is made, and that the different treatments be not so disparate relative to the differences in classification as to be wholly arbitrary. (Walters v City of St. Louis, 347 US 231, 237.) Present law imposes restrictions on the rights of landlords to convert rental accommodations into co-operatives and condominiums. (See Administrative Code of City of New York, § YY51-6.0, subd c; New *753 York City Rent, Eviction and Rehabilitation Regulations, § 55, subd c, par [1].)
Under existing city law, tenants of 35% of the apartments must be ready to buy for the conversion to succeed and if the sponsor wishes to retain the right to evict nonpurchasing renters. It is this eviction right that generally forces renters disinclined to buy to either do so or to move out. But the Legislature, in its infinite wisdom could increase the percentage or reduce it if it so desired. The senior citizens exemption, therefore, is another restriction on the right of the sponsor to convert, but in the balance, the act lets the sponsor deduct all the eligible rent stabilized elderly people who elect not to buy from the initial computation that sets the 35% figure and half of those who choose to be eligible in rent controlled apartments. But it is not the court’s role to decide whether this legislation is wise but only to decide the legal issue of its constitutionality. (See Matter of Gormeley v New York Daily News, 30 AD2d 16, 20, affd 24 NY2d 867; 9 NY Jur, Constitutional Law, § 295.)
Accordingly, it is the opinion of this court that the Legislature has not acted arbitrarily or capriciously in establishing this special senior citizen category and that by reason of the necessity for doing so, in the matter of public interest, this court rules and holds that this legislation, to wit, chapter 432 which gives effect to the objective of protecting senior citizens from the effects of a critical housing situation is both rational and reasonable and any discrepancies in treatment which result do not amount to a denial of the equal protection of the laws under the Federal and State Constitutions. But the petitioner is on firmer ground in regard to whether the new law is applicable to the tenant herein. Section 5 of the act provides: "This act shall take effect immediately and shall be applicable to every conversion plan on file with the state department of law pending on such date but not yet declared effective and every conversion plan filed thereafter; provided that the provisions of sections one, two and three of this act shall remain in full force and effect until July first, nineteen hundred eighty-one.” In order for this act to apply in the case at bar, the Legislature must have intended to give section 5 retroactive effect. If the act is construed as having only prospective application, the tenant cannot prevail.
But not only was the plan in this case accepted for filing in June of 1978 but the plan was declared effective on September *754 12, 1978. The act states that the tenant must file within 90 days of the Attorney-General’s acceptance of the plan for filing. Since there is no mention of plans already declared effective, there can be no retroactive application.
Furthermore, since chapter 432, signed into law on July 5, 1979, states that the act shall take effect immediately and shall be applicable to all conversion plans submitted and pending on such date, but not yet declared effective, the petitioner must prevail on his contention that the new law is not applicable to this particular tenant.
Accordingly, final judgment for the petitioner, possession only, issuance of the warrant stayed to November 15, 1979. Use and occupancy fixed at the prevailing rental and the tenant, on good cause shown, may apply to this court for an additional stay of the warrant.