OPINION OF THE COURT
John A. Milano, J.
ISSUE
This court is asked to decide whether a new amendment to subdivision a of section 55 of the New York City Rent and Eviction Regulations (L 1984, ch 234) also known as section Y51-6.0 (subd b, par [1]) of the Administrative Code of the City of New York, which denies a landlord the right to seek and recover in good faith possession of a housing accommodation for his personal use and occupancy or for the use and occupancy of his immediate family (where the tenant is 62 years of age or older, has been a tenant in a housing accommodation in that building for 20 years or more or is physically disabled), is applicable to the tenant respondent in the instant case who is 73 years of age, has lived in the subject rent-controlled apartment for 14 years but whose protest of an order granting a certificate of eviction by the Division of Rent Control in favor of the landlord was denied by the Deputy Commissioner of the *285 Office of Rent and Housing Maintenance prior to the effective date of the new amendment and which said effective date was subsequent to the commencement of this summary proceeding in holdover?
THE NEW AMENDMENT
On June 19, 1984, the Governor signed into law Assembly Bill 3586-B (L1984, ch 234) which amends section Y516.0 (subd b, par [1]) of the Administrative Code, section 5 (subd 2, par [a]) of the Emergency Housing Rent Control Law (L 1946, ch 274, as amd) and subdivision a of section 10 of the Emergency Tenant Protection Act (L 1974, ch 576, § 4, as amd) in relation to the eviction of senior citizens, long-term or disabled tenants, on grounds of landlord’s personal use. The bill provides that the right of the landlord to seek in good faith to recover possession of a housing accommodation because of immediate and compelling necessity for his own personal use and occupancy or for the use and occupancy of his immediate family: “shall not apply where a member of the household lawfully occupying the housing accommodation is sixty-two years of age or older, has been a tenant in a housing accommodation in that building for twenty years or more, or has an impairment which results from anatomical, physiological or psychological conditions, other than addiction to alcohol, gambling, or any controlled substance, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques, and which are expected to be permanent and which prevent the tenant from engaging in any substantial gainful employment”. Section 4 of chapter 234 states in pertinent part: “This act shall take effect immediately and shall apply to any tenant in possession at or after the time it takes effect, regardless of whether the landlord’s application for an order, refusal to renew a lease or refusal to extend or renew a tenancy took place before this act shall have taken effect.” (Emphasis supplied.)
FACTS
Petitioner is the owner and landlord of the premises known as 99-19 42nd Avenue, Corona, in the Borough of Queens, a six-family multiple dwelling. The tenant respondent occupies the first-floor rear apartment which is sub^ ject to the rent control laws of the City of New York. The *286 said tenant is 73 years old and has lived in the said apartment for 14 years. In April of 1983, the petitioner landlord made an application to the Division of Rent Control of the Department of Housing Preservation and Development’s Office of Rent and Housing Maintenance for a certificate of eviction pursuant to subdivision a of section 55 of the New York City Rent and Eviction Regulations. On or about August 16, 1983, the Office of Rent Control issued its order granting a certificate of eviction to the said petitioner. Shortly thereafter, the respondent tenant filed a protest of said order to the Deputy Commissioner of the Office of Rent and Housing Maintenance on or about September 12,1983 which was ultimately denied on March 29,1984. On or about June 8,1984, the petitioner landlord instituted summary holdover proceedings pursuant to section 53 of the New York City Rent and Eviction Regulations giving rise to the instant case at bar. On June 19, 1984, the Governor signed into law Assembly Bill 3586-B (L 1984, ch 234). On the call of the case on June 20, 1984, the matter was adjourned to July 3 wherein this court requested memoranda of law and briefs and reserved decision thereon.
CONTENTION OF PETITIONER
The petitioner landlord argues that the new amendment effective June 19,1984 should not be applied retroactively but only prospectively and that it is significant that the instant proceeding was commenced prior to the said effective date although there has been no entry of judgment as yet; that there is no clear expression of the Legislature to justify a retroactive application; that although newly enacted statutes which are of a remedial nature are generally given retroactive effect, that this exception does not apply to statutes creating new rights and remedies where none previously existed before. Further, that in section 4 of the amendment, the clear intention of the Legislature was to place under the umbrella of the act all those applications for certificates which were made prior to June 19,1984 but undecided yet by the Division of Rent Control.
CONTENTION OF RESPONDENT
That under the new amendment to the rent control law, the criteria of 62 years of age or older, tenancy for 20 years *287 or more and impairments due to anatomical, physiological or psychological conditions are categorically independent terms, any of which entitle an eligible tenant to the fullest protection under the law. That the court is presently empowered to interpret and to apply the present law and is not bound by an administrative agency’s determination made when the prior law was in effect; that the language of the new amendment that it “shall take effect immediately and shall apply to any tenant in possession at or after the time it takes effect, regardless of whether the landlord’s application for an order * * * took place before this act shall have taken effect”, clearly makes it retroactive in its application. (Emphasis added.)
LEGISLATIVE INTENT
Assembly Bill 3586-B amends the Administrative Code and the Emergency Tenant Protection Act and is designed to protect senior citizens, disabled persons and long-term tenants from being evicted under the rent control laws on the grounds that the apartment is needed for the landlord or his family. The justification is stated in a New York State Assembly memorandum in support of said legislation. “Eviction is a serious hardship for senior citizens, long term tenants, and the disabled. Moving often means harmful amounts of physical effort for senior citizens and may be nearly impossible for the disabled. In the present housing market, renting a new apartment can be financially devastating to a person on a retirement or limited income. Yet, these people are often singled out by landlords for eviction because they often have been in the apartment for many years and thus pay lower rents * * * The humane protection provided by the bill is similar to that given to senior citizens and disabled persons in co-op conversions and under the new Rent Stabilization Laws. It would not prevent a landlord from obtaining an apartment, but would merely bar him from doing so at the expense of senior citizens, disabled persons and long term residents.”
PROTECTED CATEGORIES
The bill and memorandum make quite clear that there are three categories of people that are protected: the elderly, long-term tenants and the disabled (as those groups *288 are delineated in the bill). A person who is a member of any one of those groups is protected. As a matter of elementary English grammar, when three or more items are presented in the alternative, the word “or” is inserted only before the last item in the series, as in “a, b or c.” To say “a or b or c” would be verbose and incorrect. (Strunk, Elements of Style.)
EQUAL PROTECTION CONSIDERATIONS
It is well settled that the State may establish regulations necessary to secure the general welfare of the community by the exercise of its police power although the rights of private property are thereby curtailed. (People ex rel. Durham Realty Corp. v La Fetra, 230 NY 429 [Pound, J.].) And where one class of tenants is afforded protection because all who seek homes cannot be provided therewith, such classification denies to no one the equal protection of the laws because the distinction which is made as to this class of tenants is real and rests on a substantial basis. (People v Beakes Dairy Co., 222 NY 416.) Equal protection does not require identity of treatment. It only requires that classification rest on real and not feigned differences; that the distinction have some relevancy to the parties for which the classification is made and that the different treatments be not so disparate relative to the differences in classification as to be wholly arbitrary. (Walters v City of St. Louis, 347 US 231, 237.) In this light, it is clear that the new amendment (L 1984, ch 234) imposes permissible and constitutionally acceptable restrictions on the right of landlords to evict a tenant from a rent-controlled apartment on the grounds that the apartment is needed for the landlord or his family. Similar restrictions have been imposed in cooperative conversions under the Rent Stabilization Laws. (See Reiner-Kaiser Assoc. v McConnachie, 104 Misc 2d 750.)
ANALYSIS
The general rule is that a court may not review the determination of an administrative agency; that such a determination and order of the department while in force is binding on the court and is not subject to a collateral attack in a summary proceeding; that except as provided in subdivision a et seq. of section 88 of the New York City Rent and *289 Eviction Regulations (where certificate of eviction obtained by fraud or illegality or where landlord’s intentions or circumstances have changed or willful failure to pay a stipend imposed as a condition), the remedy of an aggrieved party is judicial review in a CPLR article 78 proceeding or in the case involving allegations of fraud a direct attack in an action in equity. (Chatsworth 72nd St. Corp. v Rigai, 71 Misc 2d 647 affd 74 Misc 2d 298, affd 43 AD2d 685, affd 35 NY2d 984.)
But the circumstances are different in the instant case. Here, State law (L 1984, ch 234, § 4) has made subdivision a of section 55 of the New York City Rent and Eviction Regulations (personal use by landlord) inapplicable to an eligible and statutorily protected senior citizen “in possession at or after the time” of the effective date of the act, regardless of whether the landlord’s application for an order took place before this act shall have taken effect. (Emphasis added.) It is in this regard that this court may exercise its inherent power as mandated by the said State law to set aside the former determination of the Deputy Administrator aad apply the present law to the facts at hand. The Sfeid® wf New York in reliance on its police power, parirá sMid law designed to protect a special category of people occupying rent-controlled accommodations whose eviction would pose great physical and economic hardships to them. The new law supersedes the former administrative regulations and any determinations or orders emanating therefrom. (People ex rel. Durham Realty Corp. v La Fetra, supra; see Francis Apts. v McKittrick, 104 Misc 2d 693.)
By way of obiter dictum, if this court had already entered judgment of possession prior to the effective date of this act but had stayed execution to a time subsequent to the said effective date, then the substantive rights of the parties which accrued prior would not have been affected, and the tenant would not be entitled to a vacatur of the judgment based on the new law. (Gerard Towers Co. v Moskovits, 60 Misc 2d 57.) But in this case, judgment has not as yet been entered so that this court is free to apply the law, as hereinbefore stated, in retrospective fashion. (Perth Realty Co. v Dovoll, 79 Misc 2d 514.)
*290 CONCLUSION
On balance this is a difficult case. On one side, we have the landlord petitioner who has need of the subject housing accommodation and on the other we have a senior citizen of 73 years, who has lived in the subject premises for many years, and whose eviction would pose serious hardships upon her, hardships which this new law was designed to protect because of her special category. This court has deliberated at length in regard to the rights of each of the parties and in its deliberation has proceeded with great caution for the concept of rights may hide many unmentioned considerations of fairness to the parties, reliance on preexisting law, the extent of retroactivity and the nature of the public interest to be served by the law. (See Hochman, The Supreme Court and the Constitutionality of Retroactive Legislation, 73 Harv L Rev 692.)
On balance, the scales tip in favor of the tenant respondent. Under the new law, the landlord is not barred or prevented from obtaining another apartment, so long as that apartment is not occupied by a senior citizen, a disabled or a long-term resident. The retroactive features of the act are limited solely to tenants still in possession at or after the effective date of the act and so long as the court proceeding has not been reduced to judgment. The nature of the public interest to be served is salutary, necessary, not without precedent (L 1979, ch 432, conversion of rent-stabilized apartment) and well within the objective parameters of the police power.
Accordingly, the court dismisses the petition of the petitioner landlord with prejudice and grants possession in favor of the respondent tenant herein.