OPINION OF THE COURT
John R. Cannizzaro, J.
This is a motion by respondent tenant to: (1) vacate and set aside a consent judgment; (2) stay the execution of the warrant of eviction; and (3) dismiss the holdover petition and notice of petition with prejudice.
In the case at bar, the respondent tenant resides in an eight-family multiple dwelling in a rent-controlled apartment located at 618 Park Place, Brooklyn, and has been occupying this apartment since July 7, 1963.
The petitioner landlord instituted a holdover summary proceeding in the Housing Part of this court on February 7, 1984, based upon a certificate of eviction issued by the local rent office on October 31, 1983. This certificate was granted for reasons of the personal use of the owner’s immediate family.
*621 On February 21, 1984, the return date of the holdover action, the parties executed a consent judgment of possession in housing court. As a consequence, the petitioner obtained a final judgment of possession, with the warrant of eviction stayed until May 31, 1984.
The petitioner now seeks to execute the warrant; and respondent brings this motion upon the defense that (a) the consent judgment of possession was improperly obtained and (b) the tenancy is protected by the recently enacted statute, Laws of 1984 (ch 234), amending the Administrative Code of the City of New York § Y51-6.0 (b), which bars the eviction of this tenant who is a long-term resident of more than 20 years.
This court, in the interest of justice and after a thorough study of the documents and memoranda of law, conducted a preliminary hearing as to the validity of the consent judgment. After hearing testimony relative to that issue, it was held that the various arguments advanced by the respondent had not been proven and the stipulation of consent judgment of possession was properly obtained.
The issue now remains as to the application of the newly enacted statute to the case at bar.
The pertinent sections of chapter 234 read as follows:
“Section 1. Paragraph one of subdivision b of section Y51-6.0 of the administrative code of the city of New York * * * is amended to read as follows:
“(1) The landlord seeks in good faith to recover possession of a housing accommodation because of immediate and compelling necessity for his own personal use and occupancy or for the use and occupancy of his immediate family: provided, however, that this subdivision shall not apply where a member of the household lawfully occupying the housing accommodation is sixty-two years of age or older, has been a tenant in a housing accommodation in that building for twenty years or more, or has an impairment * * *
“§ 4. This act shall take effect immediately and shall apply to any tenant in possession at or after the time it takes effect, regardless of whether the landlord’s application for an order, refusal to renew a lease or refusal to extend or renew a tenancy took place before this act shall have taken effect.”
The newly enacted amendment took effect on June 19, 1984.
In the case at bar, the respondent, a 21-year tenant of the premises, invokes the protection of the statute and states that chapter 234 exempts from eviction for the landlord’s personal *622 use those households where a member has been a tenant in a housing accommodation in that building for 20 years or more. (L 1984, ch 234, § 1.)
To give proper construction to the newly enacted statute the court must consider Administrative Code § Y51-6.0 (b) which was not amended and provides inter alia: “no tenant shall be removed or evicted on grounds other than those stated in subdivision a of this section unless on application of the landlord the city rent agency shall issue an order granting a certificate of eviction in accordance with its rules and regulations designed to effectuate the purposes of this title, permitting the landlord to pursue his remedies at law.”
Read as a whole, the statute, as amended, prohibits the Rent Commission from issuing a certificate of eviction when the tenant has been in residence for more than 20 years. It is incumbent upon the Rent Commission to take this statutory exemption into account, and, if its determination is alleged to be incorrect, that determination may be challenged in a protest hearing or in a CPLR article 78 proceeding in Supreme Court.
Once the Rent Commission’s ruling becomes final, either because all appeals have been denied, or the time for filing an appeal has lapsed, any issues concerning the statutory guidelines for granting evictions for owner occupancy purposes are, by definition, resolved.
Consequently, this court believes that the statutory rules and regulations for granting owner occupancy evictions are not properly challenged in this court, once an eviction certificate from the Rent Commission becomes final.
As a result, this court holds that the newly enacted amendment, although remedial in nature, is only retroactive to those situations where the Rent Commission’s ruling against the tenant may still be appealed.
In the court’s opinion, the application of the law to “all tenants in possession” can only apply to tenants in possession against whom a final certificate of eviction has not been obtained. The explanation for this is that the statute is concerned only with the rules and regulations on the administrative level and, thus, an amendment to that statute is an amendment to those rules and regulations. Since the rules and regulations are only considered until such time as the Rent Commission’s certificate of eviction became final, a change in the law subsequent to that time cannot affect that determination.
Thus, in the instant case, where the statutory amendment was enacted after the certificate of eviction becomes final, that *623 amendment does not affect the validity or enforceability of the certificate.
Based upon all of the foregoing, respondent’s motion to dismiss the petition and notice of petition with prejudice is denied and execution of the warrant shall be stayed until January 28, 1985.