OPINION OF THE COURT
Per Curiam.
Order entered February 13, 1985 affirmed, with $10 costs.
On or about March 5, 1983, petitioners, as landlords, filed an application with the Office of Rent Control, Manhattan District Rent Office, for an order decontrolling the subject rent-controlled apartment on the ground that the housing accommodation was not occupied by respondent as her primary residence (New York City Rent and Eviction Regulations § 18). Following respondent’s submission of exhibits, the District Rent Director issued an order dated May 25, 1984 denying the landlord’s application. The agency found that the apartment was occupied by the tenant as her primary resi *1082 dence. No administrative protest was filed by the landlord challenging that determination (New York City Rent and Rehabilitation Law [Administrative Code of City of New York] §Y51-8.0 [a]; New York City Rent and Eviction Regulations §§ 91, 92), a necessary prerequisite for obtaining judicial review of the order in a CPLR article 78 proceeding (New York City Rent and Eviction Regulations § 102; see also, L 1984, ch 102, § 5).
Following the enactment of the Omnibus Housing Act (L 1983, ch 403), petitioners, on August 17, 1984, served a 30-day notice of intention to commence an action or proceeding to recover possession on the basis of the tenant’s nonprimary residence and terminated the tenancy as of September 30, 1984. Petitioners’ counsel then purportedly learned for the first time of the existence of the May 25, 1984 order from respondent’s counsel. Accordingly, by letter dated October 3, 1984, petitioners’ counsel requested the District Rent Director to reopen the matter. Without awaiting the disposition of that request, petitioners then commenced the instant summary holdover proceeding on or about October 19, 1984. The court below granted the tenant’s motion to dismiss the proceeding, finding that the May 25, 1984 order of the District Rent Director was binding on Civil Court and not subject to collateral attack.
We agree. Since the administrative proceeding was brought prior to the effective date of the Omnibus Housing Act, the matter remained within the jurisdiction of the agency (see, Matter of Ehrlich v New York City Conciliation & Appeals Bd., 124 Misc 2d 217; L 1983, ch 403, § 30). The agency having properly retained jurisdiction and decided the merits, the determination cannot be collaterally attacked in a summary proceeding (Chatsworth 72nd St. Corp. v Rigai, 71 Misc 2d 647, affd 74 Misc 2d 298, affd 43 AD2d 685, affd 35 NY2d 984; Keane v Anastasopoulos, NYLJ, Nov. 16, 1981, p 7, col 1 [App Term, 1st Dept]). Petitioners’ remedy lies before the State Division of Housing and Community Renewal which, during the pendency of this appeal, has reopened the administrative proceeding.
Hughes, J. P., Riccobono and Sandifer, JJ., concur.