OPINION OF THE COURT
Peter Tom, J.
Respondent moves for an order dismissing the petition. The court will treat petitioner’s application for summary judgment as a cross motion. Motion by respondent and cross motion by petitioner are consolidated for decision as follows:
*583 On September 21, 1983 petitioner applied to the State of New York Division of Housing and Community Renewal (hereinafter DHCR) for a certificate of eviction on the ground that there exists an immediate and compelling need for petitioner to recover respondent’s apartment for petitioner’s own use.
Petitioner has a five-year-old son who suffers from severe retardation, cortical blindness, frequent seizures and spastic quadraplegia. Petitioner, in his DHCR application, alleged that he seeks recovery of respondent’s apartment so that full bathroom facilities can be made available on the ground floor where petitioner’s son resides and also to make an additional bedroom to be used by his daughter.
An order granting a certificate of eviction was issued by DHCR on October 30, 1984. Respondent petitioned for an administrative review of the order on December 6. On June 6, 1985, petitioner commenced the instant holdover proceeding seeking possession of the premises pursuant to the certificate of eviction. On June 24, respondent’s petition for administrative review was denied.
Respondent in this motion seeks a dismissal of the petition on the ground that he has resided in the premises for over 20 years and is protected from eviction under Administrative Code of the City of New York § Y51-6.0 (b) (1), as amended by Laws of 1984 (ch 234).
Laws of 1984 (ch 234), effective on June 19, 1984, amended Administrative Code § Y51-6.0 (b) (1), the Emergency Housing Rent Control Law (L 1946, ch 274, § 5 [2] [a]), and the Emergency Tenant Protection Act (L 1974, ch 576, § 4 [10] [a]) and provides that a landlord no longer can recover possession of a rental accommodation in good faith because of immediate or compelling necessity for his own use or use by his immediate family, where a member of the tenant’s household is 62 years of age or older, or has been a tenant in a housing accommodation for 20 years or more, or has a medical impairment.
Respondent argues that the court has the authority to determine the applicability of Laws of 1984 (ch 234) notwithstanding the certificate of eviction, before a final judgment is entered. Respondent cites two cases (Budhu v Grasso, 125 Misc 2d 284; Vitaliotis v Mossesso, 130 Misc 2d 141) in support of his argument. Both cases were decided by the same Judge of coordinate jurisdiction. It appears that the two cases were never appealed. This court is not persuaded by the findings in those cases and will not be bound by their rulings.
*584 In this case respondent took possession of the premises pursuant to a lease agreement dated December 1, 1964. The certificate of eviction issued by DHCR is dated October 30, 1984. Respondent did not fulfill the statutory requirement of 20 years on the date the certificate was issued but acquired the statutory time thereafter and before the making of the instant motion.
It is axiomatic that a certificate of eviction issued by the Rent Commission may not be collaterally attacked in the Civil Court. (Chatsworth 72nd St. Corp. v Rigai, 71 Misc 2d 647, affd 35 NY2d 984; Keane v Anastasopoulos, NYLJ, Nov. 16, 1981, p 7, col 1 [App Term, 1st Dept]; Michel v Hirabayashi, 129 Misc 2d 1081 [App Term, 1st Dept]; Henry Phipps Plaza N. v Cavazos, NYLJ, Jan. 31, 1986, p 12, col 2 [App Term, 1st Dept].) In cases where the tenant can properly prove that the landlord’s intentions or the circumstances have so changed that the premises will not be used for the purposes specified in the certificate, or that the certificate was obtained by fraud or illegality and other grounds as set forth in Rent and Eviction Regulation § 88, the court should stay the trial of the summary proceeding for the tenant to apply for an order revoking the certificate of eviction before the Rent Commission. (Matter of MacLeod v Shapiro, 20 AD2d 424; Spotless Stores v Smith, 279 App Div 26.) This is not the situation in this case.
This court does not have jurisdiction to review the merits upon which the certificate of eviction was issued or determine the applicability of Laws of 1984 (ch 234) as to respondent’s present status. (Pierce v Hankins, 126 Misc 2d 620.)
The proper procedure after respondent has exhausted all administrative remedies is a CPLR article 78 proceeding to challenge the determination of the agency (see, Administrative Code § Y51-9.0; Ament v Cohen, 16 AD2d 824; 746 Realty Corp. v Barrett, 75 Misc 2d 314; Rental & Mgt. Assoc. Corp. v Gossin, 61 Misc 2d 305; Pierce v Hankins, supra).
In this proceeding the order of the Rent Commission became final when respondent’s petition for administrative review was denied because it was not filed within 33 days after issuance of the order as required by applicable Regulations and Operational Bulletin 84-1. Respondent cannot now claim in this proceeding that certain issues raised in his petition for review were not heard since the delay in filing the petition was caused by respondent’s own neglect. Respondent must now seek his relief in the Supreme Court.
*585 To sustain respondent’s contention, the court would have to disregard the findings and the certificate of eviction of DHCR, and to assume original jurisdiction of disputes arising under Administrative Code § Y51-6.0, as amended by Laws of 1984 (ch 234). There is nothing in the statute, explicitly or implicitly, granting such authority to the Civil Court.
DHCR is the agency vested with the jurisdiction to hear these matters, and the agency shall determine each application for certificate of eviction based on existing applicable statutes. This authority is clearly set forth in Administrative Code § Y51-6.0 (b) which provides in pertinent part: "[N]o tenant shall be removed or evicted on grounds other than those stated in subdivision a of this section unless on application of the landlord the city rent agency shall issue an order granting a certificate of eviction in accordance with its rules and regulations designed to effectuate the purposes of this title, permitting the landlord to pursue his remedies at law”.
The court further finds that respondent’s assertion that this proceeding must be brought in the names of all the owners is without merit. RPAPL 721 (1) provides that a summary proceeding may be brought by the landlord. It is alleged that petitioner and his wife own 50% of the property and the other 50% is owned in equal shares by two other individuals. Petitioner is a landlord and owner of the property. A summary proceeding may be brought in the name of one of the owners or landlords (see, Garsen v Nimno, NYLJ, Feb. 14, 1984, p 14, col 4 [App Term, 1st Dept]).
Based on the foregoing, respondent’s motion for summary judgment is denied and petitioner’s cross motion for final judgment of possession is granted.
Respondent has represented that he timely commenced a CPLR article 78 proceeding against DHCR, and that the proceeding was marked off the calendar by stipulation pending the determination of this proceeding.
In the interest of justice the court stays the issuance of warrant for a period of 90 days after service of a copy of this order with notice of entry for respondent to restore the CPLR article 78 proceeding for final disposition.