■ Hyo Chung Chi et al., Respondents, v Charles Fink et al., Appellants.—In a summary proceeding pursuant to RPAPL article 7, the tenants appeal (by permission), from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated December 13, 1985, which reversed an order of the Civil Court of the City of New York, Queens County (Harbater, J.), entered February 6, 1985, granting the tenants' motion to vacate a stipulation and final judgment entered thereon awarding the petitioners possession of a certain premises, and denied the tenants' motion.

Ordered that the order of the Appellate Term is affirmed, without costs or disbursements.

The facts of this case are undisputed. The petitioners landlords are co-owners of premises located in Ridgewood, New York, which is subject to the rent control laws of the City of New York. The appellants are senior citizens who have resided in the premises for over 20 years.

On September 23, 1983, the landlords applied to the Department of Rent and Housing Maintenance, Office of Rent Control, for an order granting a certificate of eviction on the ground that the co-owner had an immediate and compelling necessity for the personal use of the premises. By order dated January 26, 1984, the agency authorized the landlords to pursue his remedies at law for the eviction of the tenants, with a three-month stay, and issued a certificate of eviction. The tenants never filed any protest to the order with the Commissioner of the Department of Rent and Housing Maintenance.

Following the expiration of the stay, the landlords, by notice of petition dated April 30, 1984, commenced a summary holdover proceeding against the tenants in the Civil Court of the City of New York, Queens County, seeking a judgment awarding possession of the premises and issuing a warrant of eviction to remove the tenants.

On May 11, 1984, upon a stipulation and agreement of the

parties, a final judgment was entered granting possession of the premises to the landlords but staying the issuance of a warrant of eviction until August 11, 1984.

On June 19, 1984, Laws of 1984 (ch 234) was enacted. The act amended Administrative Code of City of New York former § Y51-6.0 (b) (1), the Emergency Housing Rent Control Law (L 1946, ch 274, § 5 [2] [a], as amended by L 1961, ch 337) and the Emergency Tenant Protection Act (L 1974, ch 576, § 4) § 10 (a) (as amended by L 1983, ch 403), and provided that a landlord could no longer evict a tenant in good faith because of an immediate and compelling necessity, where a member of the tenant's household is more than 62 years of age and has been a tenant for 20 years or more or has a certain impairment. Laws of 1984 (ch 234, § 4) provided, in pertinent part, that the act was to "take effect immediately and shall apply to any tenant in possession at or after the time it takes effect, regardless of whether the landlord's application for an order, refusal to renew a lease or refusal to extend or renew a tenancy took place before this act shall have taken effect".

By order to show cause dated August 9, 1984, two days prior to the expiration of the stay of issuance of the warrant of eviction, the tenants moved for an order vacating the May 11, 1984 final judgment of possession. The tenants argued that the newly enacted amendments were applicable to the proceeding and that as they met all of the criteria which now barred their eviction, the judgment should be set aside. By order dated August 27, 1984, the motion was withdrawn without prejudice to renew and a further stay of the warrant was imposed until November 30, 1984, pending an appellate court decision on a similar case.

Thereafter, the tenants renewed their motion to vacate the judgment by order to show cause dated January 14, 1985, and their application was granted in the order dated February 6, 1985. That order was reversed by the Appellate Term in the order appealed from.

We agree with the Appellate Term's conclusion that the subject amendments to the rent control law are not applicable to this case. Although the amendments are clearly remedial in nature, Laws of 1984 (ch 234) cannot fairly be read to apply retroactively to the circumstances in this case and entitle the tenants to the exemption provided by the Legislature. The order of the Department of Rent and Housing Maintenance, Office of Rent Control became final when the tenants failed to file a protest to the Commissioner from that administrative

determination within the required 33-day period after issuance of that order. The subject amendments were enacted after the agency's order became final and the tenants' time to obtain an administrative and judicial review of that order had expired.

By moving to vacate the judgment entered in the subsequent summary holdover proceeding at issue on this appeal, the tenants, in effect, were improperly seeking to collaterally attack the certificate of eviction (see, *Pierce v Hankins,* 126 Misc 2d 620; *Parisi v Hines,* 131 Misc 2d 582, *affd* 134 Misc 2d 20).

The circumstances in this case are unlike those in the case of *Matter of Guerriera v Joy* (64 NY2d 747), where the subject amendments to the rent control laws were enacted several days after this court's affirmance of an order of Special Term which upheld a determination of the Commissioner permitting landlords to evict senior citizen tenants who had lived in their apartment for 34 years. As conceded by the Commissioner, the new amendments were applicable on the appeal from that order to the Court of Appeals under "the general rule that the law as it exists at the time a decision is rendered on appeal is controlling" *(Matter of Alscot Investing Corp. v Board of Trustees,* 64 NY2d 921, 922).

In contrast, in the instant case, the tenants' time to appeal from the agency's order had long since expired when the new amendments were enacted. Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.